UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| WILLIAM BURTON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) ) **04 - 30173 - MAP** |
| Defendants. | ) ) |

FILED
[stamp illegible]

FILING FEE PAID:
RECEIPT # 305722
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 9/3/04

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendant, Great-West Life & Annuity Insurance Company ("Defendant" or "Great-West"), hereby removes the above-captioned matter, which is now pending in the Superior Court of the Commonwealth of Massachusetts in the county of Hampden as Civil Action No. 04-782, to the United States District Court for the District of Massachusetts, Western Division (the "District Court").

As grounds for this removal, Great-West states the following:

1.  This is a civil action over which the District Court has jurisdiction under 28 U.S.C. § 1332, and which Great-West is entitled to remove to the District Court pursuant to 28 U.S.C. §§ 1441.

2.  Although Great-West denies that it is liable for any alleged damages, the Plaintiff, William Burton ("Plaintiff" or "Burton"), has demanded damages in excess of $75,000 based on his claims for age discrimination under the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, violations of the Wage Payment Act, M.G.L. c. 149, § 148, breach of contract, and unjust enrichment.

3. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, in that:

   (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs; and

   (b) Plaintiff and Defendant are citizens of different states. According to the Complaint, and upon information and belief, Plaintiff is a citizen of Massachusetts. Great-West is a corporation organized and existing under the laws of Colorado and having a principal place of business in Greenwood Village, Colorado.

4. The following constitutes all of the process, pleadings or orders received or served on Great-West in this action, true and correct copies of which are attached as exhibits and incorporated herein as part of this Notice:

   Exhibit 1 -   Complaint

   Exhibit 2 -   Summons

5. The aforesaid Complaint was filed with the Clerk of Courts for Hampden Superior Court on or about August 6, 2004.

6. Great-West was served with the Complaint on or about August 16, 2004. This Notice of Removal is filed within thirty (30) days after service of process. *See* 28 U.S.C. § 1446(b).

7. Pursuant to Local Rule 8.1.1(a), Great-West will file certified or attested copies of all records and proceedings in the state court action and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty (30) days after filing this Notice of Removal.

WHEREFORE, Great-West requests that the above action be removed to the United States District Court for the District of Massachusetts, Western Division.

Respectfully submitted,

DEFENDANT,
GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

By its attorneys,

*/s/ Krista C. Pratt*

Krista Green Pratt (BBO #644741)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800 (tel.)
(617) 946-4801 (fax)

Dated: September 2, 2004

## CERTIFICATE OF SERVICE

I, Krista G. Pratt, hereby certify that on this 2nd day of September, 2004, a true copy of the foregoing document was mailed, postage prepaid, to Timothy J. Ryan, Crevier & Ryan, LLP, 1500 Main Street, Suite 2200, Springfield, MA 01115-5532, Counsel for Plaintiff.

*/s/ Krista C. Pratt*
Krista G. Pratt