# SEYFARTH SHAW LLP
ATTORNEYS

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028

617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
617-946-4828

Writer's e-mail
jdoherty@seyfarth.com

September 16, 2004

**BY HAND**

United States District Court for
 The District of Massachusetts
Federal Building and Courthouse
1550 Main Street
Springfield, MA 01103

  Re: *William Burton v. Great-West Life & Annuity Insurance Company*
    C.A. No. 3:04-CV-30173

Dear Sir/Madam:

  Pursuant to Local Rule 81.1, enclosed for filing in the above-referenced matter are certified copies of all records and docket entries in the state court proceedings.

  Please call me at the number above if you have any questions.

  Thank you for your assistance with this matter.

        Sincerely,

        SEYFARTH SHAW LLP

        *Joanne Doherty*

        Joanne Doherty
        Paralegal

enclosures

cc: Timothy J. Ryan, Esq. (w/o enclosures)
   Krista Green Pratt, Esq. (w/o enclosures)

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2004-00782
### Burton v Great-West Life & Annuity Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/09/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 09/03/2004 | **Session** | A - Civil A - CtRm 6 | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/07/2004 | **Answer** | 01/06/2005 | **Rule12/19/20** | 01/06/2005 |
| **Rule 15** | 01/06/2005 | **Discovery** | 06/05/2005 | **Rule 56** | 07/05/2005 |
| **Final PTC** | 08/04/2005 | **Disposition** | 10/03/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
William Burton
Active 08/09/2004

Private Counsel 551680
Timothy J Ryan
Crevier & Ryan
1500 Main Street
Suite 2200
Springfield, MA 01115-5532
Phone: 413-787-2400
Fax: 413-781-8235
Active 08/09/2004 Notify

**Defendant**
Great-West Life & Annuity Insurance Company
Service pending 08/09/2004

Private Counsel 644741
Krista Green Pratt
Seyfarth Shaw
2 Seaport Lane, Suite 300
World Trade Center East
Boston, MA 02210-2028
Phone: 617-946-4800
Fax: 617-946-4801
Active 09/03/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/09/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/09/2004 | | Origin 1, Type B22, Track F. |
| 09/03/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS



A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
16th day of September 2004

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS                                         SUPERIOR COURT DEPARTMENT
                                                    Civil Action No. 04  782

|  |  |
|---|---|
| WILLIAM BURTON,<br>                Plaintiff<br><br>vs.<br><br>GREAT-WEST LIFE & ANNUITY<br>INSURANCE COMPANY,<br>                Defendant | COMPLAINT |

## PARTIES

1. The Plaintiff William J. Burton ("Burton") resides in Longmeadow, Massachusetts and his date of birth is November 11, 1942.

2. The Defendant, Great-West Life & Annuity Insurance Co. ("Great-West") has principal offices in Greenwood Valley Colorado and it does business through the country.

## COUNT I
(Age Discrimination, M.G.L. c. 151B)

3. Burton is an experienced insurance executive with over thirty-five years of experience predominantly in the sale, marketing and servicing of health insurance plans to median to large sized employers.

4. In and about March 1999 Burton was hired by General American Insurance as a Regional Sales Vice President for the Northeast Region in connection with General American's group life and health insurance division.

5. As a Regional Sales Vice President Burton was to be compensated at the base rate of $137,000.00 annually, plus Management Incentive Compensation, and a guaranteed severance benefits. The severance benefits negotiated as of April 1999 provided "If

1

General American sells the group insurance business in your first 12 months and you lose your job, you will be paid 12 months base salary."

6. On or about December 31, 1999 General American's group life and health insurance division was acquired by Great-West. Despite the acquisition the General American group life and health insurance division was run by Great-West as if it was a separate legal entity during calendar year 2000.

7. At the time of its acquisition of General American, Great-West had its own group life and health insurance portfolio. As of April 2001 Great-West announced that GenAm (formerly General American Life and Health) would be its National Accounts Division responsible for all companies with 500 lives or more. The Great-West life and health business unit dealing with smaller clients was designated the Mid-Market business unit. Burton was a regional sales vice president within the national accounts division.

8. Under General American and Great-West Burton's division had six regional sales vice presidents and approximately 30 sales representatives. Many of these individuals were over age 40.

9. In September 2002 Great-West hired Richard Rivers as Executive Vice President, Employee Benefits which included the National Account Division, as well as Great-West's Mid-Market Unit.

10. Thereafter, Great-West by and through Rivers implemented a series of actions and steps that had a significantly disproportionate impact on older, senior employees such as Burton.

11. Specifically, Great-West took steps which resulted in the termination of 4 out of 6 regional sales vice presidents. Great-West kept one regional vice president (Abbene late

30's, early 40's) in that role. Smith, (late 50's) another regional vice president, was moved to specialty accounts sales position in California. The four remaining regional vice presidents (Burton, age 60; Slie, late 50's; Dooley, late 50's; and Feltrop, early 40's) were all terminated.

12. In addition, as of October 31, 2002 five sales representatives from the National accounts unit were fired, all in their 50's and a sales representative in his 40's.

13. Great-West terminated the plaintiff and the other individuals identified for the obstenable purpose of reorganizing the company.

14. The Plaintiff submits that this reorganization was a sham, not in good faith, as is evidenced by Defendant's actions in hiring younger individuals to occupy positions similar to those previously occupied by Plaintiff.

15. Plaintiff submits that Defendant did not treat age equally in its employment decisions and that he was fired due to his age.

WHEREFORE, the plaintiff demands judgment against defendant Great-West for all damages proximately caused by this unlawful termination, including but not limited to back pay, front pay, emotional distress damages, lost retirement benefits and such other damages as established by plaintiff. Plaintiff further requests that pursuant to M.G.L. c. 151B §9 that the Court find that the decision to terminate Mr. Burton was committed with knowledge, or reason to know, that such act or practice violated M.G.L. c. 151B and as such that any judgment be doubled or trebled and that plaintiff be awarded interest, costs and his reasonable attorney's fees.

## COUNT II
(Wage Payment Act, M.G.L. c. 149 §148)

16. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 and incorporates them herein by reference.

17. Burton's compensation is calculated on a base salary and additional annual compensation called Management Incentive Compensation.

18. Burton was eligible to receive Management Incentive Compensation for calendar year 2002 and 2003 based upon the sales performance of his unit.

19. Massachusetts law provided any employee discharged from such employment shall be paid in full on the day of his discharge.

20. Burton was terminated effective December 31, 2002.

21. Great-West has not paid Burton the sums due for Management Incentive Compensation due for the balance of calendar year 2002, or for calendar year 2003, despite written demand for the same.

22. Pursuant to M.G.L. c. 149 §150 Burton has notified the attorney general of his claim and the attorney general has in writing, assented to Burton's initiating a civil action against Great-West.

WHEREFORE, the Plaintiff demands judgment against Defendant of all Management Incentive Compensation due, and pursuant to M.G.L. c. 149, §150 requests that all damages awarded hereunder be trebled and that plaintiff be awarded his costs and reasonable attorney's fees.

## COUNT III
(Breach of Contract – Management Incentive Compensation)

23. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 and incorporates therein by reference.

24. Burton, as an employee of Great-West, was entitled to Management Incentive Compensation.

25. Pursuant to contract and as a matter of practice, Burton was entitled to be paid his Management Incentive Compensation at the end of each calendar quarter.

26. During calendar year 2002 Great-West neglected, failed and refused to pay Burton all of the Management Incentive Compensation he was due.

27. In addition, in late 2002 Burton secured a substantial new group health account for Great-West, Fleet Bank. This account was sold and delivered in 2002 with the conversion to Great-West set to occur January 1, 2003.

28. Great-West has realized substantial monies from the booking of the Fleet Bank account. The booking of this account by contract, past practice and equity should be credited to Burton's account for the first quarter of 2003.

29. Great-West in failing and refusing to pay the 2002 and first quarter 2003 management incentive compensation to the plaintiff has breached its contractual obligations to plaintiff.

WHEREFORE, the Plaintiff demands judgment against defendant for said management incentive compensation, plus such interest, costs and attorney's fees as allowed by law.

### COUNT IV
(Unjust Enrichment, Management Incentive Compensation)

30. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 and incorporates them herein.

31. Great-West induced Burton to undertake sales and service work on its behalf based upon Great-West's promise to pay Burton annual compensation, which included base salary, and additional pay entitled Management Incentive Compensation.

32. Great-West failed and refused to pay Burton all of his Management Incentive Compensation due for his work in calendar year 2002.

33. Great-West has also received a significant wrongful benefit terminating Burton the day prior to the start of a new large group health account landed in large part through Burton's efforts. As a matter of course, Burton would have received a significant payout under his Management Incentive Compensation, but for Great-West's termination of his contract.

34. In order to prevent Great-West against enrichment relating to the booking of the Fleet Bank account, Burton is entitled to an award of his management incentive compensation for 2002 and 2003.

WHEREFORE, Burton demands judgment against Great-West plus such costs, interest and attorney's fees as allowed by law.

### COUNT IV
(Breach of Contract – Severance Pay)

35. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 and incorporates them herein.

36. General American at the time it hired Burton represented and agreed to provide Burton twelve months severance pay in the event Great American sold the group insurance business with Burton's first twelve months on the job.

37. Burton was hired on or about April 1, 1999 and Great American sold its group insurance effective December 31, 1999. Thereafter Burton has lost his job for non-performance based reasoning and as such Burton is entitled to collect his Contracted for Severance benefit.

WHEREFORE, the Plaintiff demands judgment against the defendant for the payment of the Severance benefits, plus such interest, costs and attorney's fees as allowed by law.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

**The Plaintiff,
William Burton**

Dated: August 6, 2004     By: *Timothy Ry*
Timothy J. Ryan/ BBO#551680
Crevier & Ryan, LLP
1500 Main Street, Suite 2200
Springfield, MA 01115-5532
Tel: (413) 787-2400
Fax: (413) 781-8235

A true copy.
Attest:
*Anna M. Luhl*
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 782 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| WILLIAM BURTON | GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 787-2400<br>Timothy J. Ryan, Crevier & Ryan, LLP<br>1500 Main Street, Suite 2020, Springfield, MA 01115<br>Board of Bar Overseers number: 551680 | ATTORNEY (if known)<br>Attorney Krista Pratt, Seyfarth & Shaw, LLP<br>Two Seaport Lane, Suite 300, Boston, MA 02210 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................... $............
  2. Total Doctor expenses ................................................ $............
  3. Total chiropractic expenses ........................................... $............
  4. Total physical therapy expenses ...................................... $............
  5. Total other expenses (describe) ...................................... $............
  Subtotal $............
B. Documented lost wages and compensation to date ....................... $ 200,000 +
C. Documented property damages to date .................................. $............
D. Reasonably anticipated future medical and hospital expenses ........... $ 300,000 --
E. Reasonably anticipated lost wages .................................... $............
F. Other documented items of damages (describe)
  $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
This action is an age discrimination claim. Mr. Burton was 60 at the time of his dismissal. He was fulfilling the legitimate goals of his employer, yet terminated. Subsequently the employer hired younger individuals to perform the plaintiff's duties. Also, Plaintiff has two contract counts

TOTAL $ 500,000 --

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

A true copy.
Attest:

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Timothy Ryan_  DATE: 08/06/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | REAL PROPERTY | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|
| A01 Services, labor and materials | (F) | C01 Land taking (eminent domain) | (F) | E02 Appeal from administrative Agency G.L. c. 30A | | (X) |
| A02 Goods sold and delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Action against Commonwealth Municipality, G.L. c.258 | | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | | | |
| A08 Sale or lease of real estate | (F) | C04 Foreclosure of mortgage | (X) | E05 All Arbitration | | (X) |
| A12 Construction Dispute | (A) | C05 Condominium lien and charges | (X) | E07 c.112,s.12S (Mary Moe) | | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E08 Appointment of Receiver | | (X) |
| TORT | | EQUITABLE REMEDIES | | E09 General contractor bond, G.L. c.149,s.29,29a | | (A) |
| B03 Motor Vehicle negligence-personal injury/property damage | (F) | D01 Specific performance of contract | (A) | E11 Workman's Compensation | | (X) |
| B04 Other negligence-personal injury/property damage | (F) | D02 Reach and Apply | (F) | E14 Chapter 123A Petition-SDP | | (X) |
| | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G.L.c.209A | | (X) |
| B05 Products Liability | (A) | D07 Imposition of Trust | (A) | E16 Auto Surcharge Appeal | | (X) |
| B06 Malpractice-medical | (A) | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L.c.12,s.11H | | (A) |
| B07 Malpractice-other(Specify) | (A) | D10 Accounting | (A) | E18 Foreign Discovery proceeding | | (X) |
| B08 Wrongful death,G.L.c.229,s2A | (A) | D12 Dissolution of Partnership | (F) | E96 Prisoner Cases | | (F) |
| B15 Defamation (Libel-Slander) | (A) | D13 Declaratory Judgment G.L.c.231A | (A) | E97 Prisoner Habeas Corpus | | (X) |
| B19 Asbestos | (A) | D99 Other (Specify) | (F) | E99 Other (Specify) | | (X) |
| B20 Personal Injury-Slip&Fall | (F) | | | | | |
| B21 Environmental | (A) | | | | | |
| B22 Employment Discrimination | (F) | | | | | |
| B99 Other (Specify) | (F) | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

A true copy.
Attest:
_____
Deputy Assistant Clerk