UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

**ORIGINAL**

WILLIAM BURTON,

        Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

        Defendant.

Civil Action No. 04-30173-MAP

## DEFENDANT GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Great-West Life & Annuity Insurance Company's ("Great-West" or "Defendant"), hereby answers the Complaint filed by Plaintiff, William Burton ("Burton" or "Plaintiff"), as follows:

### PARTIES

1.    Great-West admits that Plaintiff is a resident of Longmeadow, Massachusetts. In further answering, Great-West is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

2.    Great-West admits that it is a Colorado corporation with a principal place of business in Greenwood Village, Colorado, and denies the remaining allegations in paragraph 2 of the Complaint.

### COUNT I
(Age Discrimination, M.G.L. C. 151B)

3.    Great-West is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Great-West admits that Plaintiff was hired by General American Life Insurance Company on or around April 1, 1999. In further answering, Great-West is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint.

5. Great-West states that the severance benefits documents speak for themselves. In further answering, Great-West is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Great-West admits that effective December 31, 1999, Great-West purchased certain assets of General American Life Insurance Company. In further answering, Great-West denies the remaining allegations in Paragraph 6 of the Complaint.

7. Great-West admits that at the time of its transaction with General American Life Insurance Company, it had its own group life and health business; it had a National Accounts Department for its larger customers; and Plaintiff was a member of the National Accounts Department. In further answering, Great-West denies the remaining allegations in Paragraph 7 of the Complaint.

8. Great-West admits that at one time the National Accounts Department had six regional vice presidents and a larger number of sales representatives, some of whom were older than 40 years of age. In further answering, Great-West denies the remaining allegations in Paragraph 8 of the Complaint.

9. Great-West admits that during 2002 it hired Richard Rivers as Executive Vice President of its Employee Benefits Division, which included the National Accounts Department. In further answering, Great-West denies the remaining allegations in Paragraph 9 of the Complaint.

10. Great-West denies the allegations contained in paragraph 10 of the Complaint.

11. Great-West admits that it laid off four regional sales vice presidents in the National Accounts Department, and retained the other two regional sales vice presidents, Mike Abbene (age 41) and Gary Smith (age 57). In further answering, Great-West denies the remaining allegations in Paragraph 11 of the Complaint.

12. Great-West admits that it laid off certain sales representative in the National Accounts Department during 2002. In further answering, Great-West denies the remaining allegations in Paragraph 12 of the Complaint.

13. Great-West admits that Plaintiff was laid off as part of a reorganization of the sales force and denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Great-West denies the allegations in paragraph 14 of the Complaint.

15. Great-West denies the allegations in paragraph 15 of the Complaint.

## COUNT II
### (Wage Payment Act, M.G.L. c.149 §148)

16. Great-West reiterates its responses to the foregoing paragraphs 1 through 15 and herein incorporates those responses by reference.

17. Great-West admits that Plaintiff's compensation included a base salary and a performance-based component. In further answering, Great West denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Great-West admits that Plaintiff was paid certain performance-based compensation for 2002. In further answering, Great-West denies the remaining allegations contained in paragraph 18 of the Complaint.

19. To the extent this paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Great-West denies the allegations contained in paragraph 19 of the Complaint.

20. Great-West admits the allegations contained in paragraph 20 of the Complaint.

21. Great-West denies the allegations contained in paragraph 21 of the Complaint.

22. Great-West is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

## COUNT III
### (Breach of Contract – Management Incentive Compensation)

23. Great-West reiterates its responses to the foregoing paragraphs 1 through 22 and herein incorporates those responses by reference.

24. Great-West admits that Plaintiff was potentially eligible for performance-based compensation. In further answering, Great-West denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Great-West admits that Plaintiff periodically received performance-based compensation. In further answering, Great-West denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Great-West denies the allegations contained in paragraph 26 of the Complaint.

27. Great-West admits that Plaintiff was one of several employees involved in securing the Fleet Bank account. In further answering, Great-West denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Great-West denies the allegations contained in paragraph 28 of the Complaint.

29. Great-West denies the allegations contained in paragraph 29 of the Complaint.

## COUNT IV
### (Unjust Enrichment – Management Incentive Compensation)

30. Great-West reiterates its responses to the foregoing paragraphs 1 through 29 and herein incorporates those responses by reference.

31. Great-West admits that Plaintiff's annual compensation included a base salary and possible performance-based compensation. In further answering, Great-West denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Great-West denies the allegations contained in paragraph 32 of the Complaint.

33. Great-West denies the allegations contained in paragraph 33 of the Complaint.

34. Great-West denies the allegations contained in paragraph 34 of the Complaint.

## COUNT V[1]
### (Breach of Contract – Severance Pay)

35. Great-West reiterates its responses to the foregoing paragraphs 1 through 34 and herein incorporates those responses by reference.

36. Great-West is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Great-West is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 37 of the Complaint. In further answering, Great-West denies the remaining allegations in paragraph 37 of the Complaint.

Defendant also states that Plaintiff is not entitled to any of the damages sought in the Complaint and prayer for relief.

---

[1] In the Complaint, this count was mislabeled Count IV.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of equitable and judicial estoppel.

### THIRD ADDITIONAL DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH ADDITIONAL DEFENSE

Plaintiff has failed to make reasonable and diligent efforts to obtained comparable employment following the termination of his employment at Great-West.

### FIFTH ADDITIONAL DEFENSE

If Plaintiff used diligent efforts over a reasonable period of time and was unable to obtain comparable employment, then he was required to accept a job of lower pay, different skills and/or responsibilities or at a distant location.

### SIXTH ADDITIONAL DEFENSE

The claims stated in the Complaint are barred by the unclean hands of Plaintiff.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and laches.

### EIGHTH ADDITIONAL DEFENSE

Damages sustained by Plaintiff, if any, were not proximately caused by Defendant's actions.

### NINTH ADDITIONAL DEFENSE

With respect to any unpaid wages claims, Plaintiff has been fully compensated for all work performed.

### TENTH ADDITIONAL DEFENSE

The Management Incentive Compensation, salary, bonuses, commissions and/or other compensation claimed by Plaintiff were not yet due and payable at the time that Plaintiff's employment terminated.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred or limited by the after-acquired evidence doctrine.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

### FOURTEENTH ADDITIONAL DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any situated employees who were treated differently.

### FIFTEENTH ADDITIONAL DEFENSE

Defendant's actions, decisions and conduct with respect to Plaintiff and his employment, including but not limited to any adverse employment actions, were based on legitimate, nondiscriminatory reasons.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent discrimination, promptly investigated any complaints of harassment or discrimination, and took appropriate steps to remedy any harassment or discrimination.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part because he was an at-will employee and therefore had no contract of employment or right to continued employment with Defendant.

### EIGHTEENTH ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff materially breached the alleged contract(s) at issue.

### NINETEENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, there has been a failure of consideration.

### TWENTIETH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable as a result of the failure of Plaintiff to fulfill one or more conditions precedent or conditions subsequent.

### TWENTY-FIRST ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, there has been a mutual departure from its terms during the course of Plaintiff's employment with Defendant so as to render such alleged contract unenforceable in accordance with its purported original terms.

### TWENTY-SECOND ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

### RESERVATION OF RIGHTS

Defendant reserves the right to raise and rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend its answer to assert any such defense.

### JURY DEMAND

Defendant hereby demands a trial by jury as to all issues.

Respectfully submitted,

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

By its attorneys,

Dated: September 23, 2004

_____
Joseph W. Ambash (BBO No. 017060)
Krista Green Pratt (BBO No. 644741)
SEYFARTH SHAW
Two Seaport Lane, Suite 300
Boston, MA 02210
617-946-4800
617-946-4801 - fax

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2004, a true copy of the foregoing document was served by overnight mail, postage prepaid, upon Timothy J. Ryan, Crevier & Ryan, LLP, 1500 Main Street, Suite 2200, Springfield, MA 01115, Attorney for the Plaintiff.

_____
Krista Green Pratt