UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM BURTON,<br>　　　　　　　　　Plaintiff<br><br>vs.<br><br>GREAT-WEST LIFE & ANNUITY<br>INSURANCE COMPANY,<br>　　　　　　　　　Defendant | Civil Action No. 04-30173-MAP |

## JOINT STATEMENT REGARDING PRETRIAL MATTERS

Pursuant to Local Rule 16.1, the Plaintiff William Burton ("Burton") and Defendant Great-West Life & Annuity Insurance Company ("Great-West"), hereby file this Joint Statement Regarding Pretrial Matters.

1. **Proposed Joint Discovery Plan**

The parties propose the schedule set forth below for consideration by the Court.

   a. Plaintiff served an initial set of Interrogatories and a Request for Production of Documents on Defendant's Counsel on August 16, 2004, prior to Defendant's Removal of the case to this Court. Plaintiff requests that that discovery be answered and documents produced by December 17, 2004. Thereafter, the parties shall serve their initial written discovery on or before December 20, 2004.

   b. Objections and responses to initial written discovery, February 1, 2005.

   c. Any motions to compel and for sanctions are to be served by February 20, 2005.

   d. All written discovery to be completed by August 1, 2005.

   e. Depositions are to be completed by November 15, 2005.

   f. Disclosure of experts, including their reports, will be made within December 1, 2005 and expert deposition to be completed by January 15, 2006.

    g. Summary Judgment motions with accompanying memoranda must be filed by within two months prior to the estimated trial date.

## 2. Phased Discovery

Prior to suit the parties discussed mediation and had even agreed on using Attorney John Sikorski as a mediator. However, issues arose as to timing and Plaintiff elected to file suit. The parties are willing to consider mediation upon the completion of the initial written discovery.

## 3. Certification Regarding Costs and Alternate Dispute Resolution

We hereby certify that we have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and that we have considered the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

**William Burton**

_____
William Burton

**Crevier & Ryan, LLP**

_____
By: Timothy J. Ryan

## 4. Certification Regarding Costs and Alternate Dispute Resolution

We hereby certify that we have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and that we have considered the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

**Great-West Life & Annuity Insurance Company**

_____
By:

**Seyfarth & Shaw, LLP**

_____
By:

**Respectfully submitted by:**

g. Summary Judgment motions with accompanying memoranda must be filed by within two months prior to the estimated trial date.

## 2. Phased Discovery

Prior to suit the parties discussed mediation and had even agreed on using Attorney John Sikorski as a mediator. However, issues arose as to timing and Plaintiff elected to file suit. The parties are willing to consider mediation upon the completion of the initial written discovery.

## 3. Certification Regarding Costs and Alternate Dispute Resolution

We hereby certify that we have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and that we have considered the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

**William Burton**  

**Crevier & Ryan, LLP**

_____  
William Burton

_____  
By: Timothy J. Ryan

## 4. Certification Regarding Costs and Alternate Dispute Resolution

We hereby certify that we have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and that we have considered the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

**Great-West Life & Annuity Insurance Company**

By: Robert M. Little  
Counsel

**Seyfarth & Shaw, LLP**

By: _____

**Respectfully submitted by:**

| The Plaintiff<br>William Burton | The Defendant<br>Great-West Life & Annuity<br>Insurance Company |
|---|---|
| By: _____<br>Timothy J. Ryan, BBO#551680<br>Crevier & Ryan, LLP<br>1500 Main Street, Suite 2020<br>Springfield, MA 01115-5727<br>T: (413) 787-2400<br>F: (413) 781-8235 | By: _____<br>Attorney Krista Pratt BBO# 644741<br>Seyfarth & Shaw, LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>T: (617) 946-4850<br>F: (617) 946-4801 |
| Dated: November 12, 2004 | Dated: _____ |